# EXHIBIT 1

## STATE OF MICHIGAN

### IN THE CIRCUIT COURT FOR THE COUNTY OF OAKLAND

GLYNN D. AKINS,

      Plaintiff,

vs.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,
a foreign corporation,

      Defendant.

_____/

**OAKLAND COUNTY 10-111432-NF**

Ca[...]

Hon. ___ JUDGE MARTHA D. ANDERSON
AKINS, GLYNN, D  v  STATE FARM MU

LISS, SEDER & ANDREWS, P.C.
NICHOLAS S. ANDREWS (P42693)
Attorneys for Plaintiff
39400 Woodward, Suite 200
Bloomfield Hills, Michigan 48304
(248) 647-9700

---

A prior civil action between these parties arising out of the transaction or occurrence alleged in the Complaint has been previously filed in the Oakland County Circuit Court, where it was given docket number 06-076734-NF and assigned to Visiting Judge Edward Avadenka.

### COMPLAINT

Plaintiff, Glynn Akins, by his attorneys Liss, Seder & Andrews, P.C., in his Complaint

against the Defendant, the State Farm Mutual Automobile Insurance Company, states as follows:

### JURISDICTION

1.     Plaintiff, Glynn Akins, is a resident of the City of Detroit, County of Wayne and

State of Michigan.

1

2. Defendant, the State Farm Mutual Automobile Insurance Company (State Farm Insurance), is an Illinois insurance entity licensed to conduct business in the State of Michigan and is doing business in the County of Oakland.

3. The amount in controversy exceeds the sum of $25,000.00, exclusive of interest, costs and attorney fees or is otherwise within the jurisdiction of this Court.

## FACTS

4. Plaintiff, Glynn Akins, was involved in an automobile accident on September 4, 2005.

5. At the time of the accident Glynn Akins was entitled to insurance benefits through Defendant State Farm Insurance entitling Glynn Akins to automobile no fault insurance coverage.

6. Glynn Akins was injured in the automobile accident of September 4, 2005.

7. Glynn Akins sustained a traumatic brain injury in the automobile accident of September 4, 2005.

8. Plaintiff caused to be delivered appropriate notification of application for benefits to Defendant State Farm Insurance.

9. Although Plaintiff Glynn Akins has complied fully with the requirements of the Michigan No Fault Automobile Insurance Act, Defendant State Farm Insurance has failed and refused to pay automobile no-fault insurance benefits that are due to Plaintiff under the provisions of the Michigan No Fault Automobile Insurance Act, Mich. Comp. Laws §500.3101, *et seq.*, resulting in monies now being owed to Plaintiff including attendant care benefits.

10. This is the second lawsuit filed against Defendant State Farm Insurance Company because of its failure to pay insurance benefits to Glynn Akins. The first lawsuit was filed against Defendant State Farm Insurance Company on August 16, 2006, in the Oakland County

2

Circuit Court (hereafter referred to in this Complaint as *Akins I*) and was assigned Case No.: 06-076734-NF.

11.     Defendant State Farm Insurance was in receipt of reasonable proof of the fact and the amount of loss sustained by virtue of being in possession of the following documentation including multiple authorizations for release of medical, employment and educational records and including:

a.     Medical records from Sinai Grace Hospital;

b.     Medical records from Rehabilitation Institute of Michigan;

c.     Medical records from Jack Belen, M.D.;

d.     Medical records from Spectrum Rehabilitation Centers;

e.     Medical records from University Orthopedics;

f.     Medical records from Anthony Emmer, M.D.;

g.     Medical records from Gerald A. Shiener, M.D.;

h.     Case Management Reports from Managed Care Plus;

i.     Attendant Care Reports from Renee K. LaPorte, R.N.;

j.     Attendant Care Reports from Robert B. Ancell, Ph.D., C.C.M.;

k.     Monthly Attendant Care Service Request Forms and calendars from Plaintiff Glynn Akins attendant care providers.

12.     Defendant State Farm Insurance hired a physiatrist, Joseph Femminineo, M.D., to perform an insurance medical examination who was unable to provide an opinion regarding the Plaintiff Glynn Akin's attendant care needs.

13.     Defendant State Farm Insurance hired a neuropsychologist, W. John Baker, Ph.D., to perform an insurance medical examination who provided State Farm with an opinion that Mr.

3

Akins was in need of attendant care because of the traumatic brain injury from the automobile accident of September 4, 2005.

14.     Defendant State Farm Insurance's insurance claim adjusters assigned to the handling of Mr. Akins' claims for insurance benefits do not have the expertise to determine the nature and extent of Mr. Akins' injuries, the nature and extent of Mr. Akins' traumatic brain injury, the attendant care needs of Mr. Akins or the reasonable value of the attendant care provided to Mr. Akins.

15.     Trial in *Akins I* began on November 16, 2009, and ended with a verdict in favor of Plaintiff on November 24, 2009.

16.     The jury in *Akins I* determined that Defendant State Farm Insurance received reasonable proof of the fact and the amount of loss sustained and was late in its payment of attendant care benefits.

17.     The Court determined in *Akins I* that the actions of Defendant State Farm Insurance, in failing to properly pay insurance benefits within 30 days of its receipt of reasonable proof of the fact and the amount of loss sustained, were unreasonable and ordered that State Farm pay sanctions for its unreasonable conduct.

18.     The jury in *Akins I* determined that the attendant care provided by the parents of Glynn Akins was valued at $30.00 per hour.

19.     There has been no significant or material change in circumstances in Glynn Akins' condition or need for attendant care of Glynn Akins since the jury reached its verdict in *Akins I* on November 24, 2009.

20.     Beginning the day after the verdict in *Akins I*, the Defendant State Farm Insurance has not made any payments for attendant care benefits.

4

21.     Since the day after the verdict in *Akins I*, the Defendant State Farm Insurance has not advised Plaintiff Glynn Akins of the reasons why his attendant care benefits have not been paid.

22.     It is expected that as part of its usual adjusting practices State Farm will engage in a program to delay payment of benefits to the economic advantage of State Farm, to deny claims to the economic detriment of Plaintiff Glynn Akins and defend claims in protracted litigation to supplement the delay and denial tactic that State Farm will engage in the following acts:

a.     Seek to remove this case from the Circuit Court of Oakland County, Michigan, to Federal District Court to further delay the claim;

b.     Engage in lengthy discovery including conducting depositions of witnesses who have recently testified in *Akins I* on the same issues;

c.     Seek the depositions of Mr. Akins medical providers and engage in a course of conduct in which State Farm refuses to properly pay the medical providers and force the medical providers to hire attorneys to enforce their rights;

d.     Engage in lengthy discovery including claiming that it requires medical, employment, government and educational records that it has already obtained;

e.     Seek additional medical examinations with doctors and physicians known to provide favorable opinions to State Farm;

f.     Seek additional medical examinations with doctors and physicians known to provide favorable opinions to State Farm and to contradict the opinions of the doctors that State Farm has already hired to support an after-the-fact excuse to refuse payment of insurance benefits;

5

g.      After engaging in discovery, claim that it needs more discovery and seek further delays by requesting modifications and extensions to any Scheduling Order entered by the Court.

## VIOLATION OF THE MICHIGAN NO FAULT AUTOMOBILE INSURANCE ACT, MCL §500.3101, *ET SEQ.*

23.     Plaintiff incorporates the facts set forth in paragraphs 1 through 22 as though fully set forth here.

24.     Defendant State Farm Insurance Company is the proper insurance company through which Plaintiff Glynn Akins may seek automobile no fault insurance benefits for expenses arising as a result of the automobile accident of September 4, 2005.

25.     Plaintiff Glynn Akins' injuries arose out of the use of a motor vehicle as a motor vehicle.

26.     Plaintiff Glynn Akins incurred allowable expenses, which consist of reasonable charges for reasonably necessary products, services and accommodations for the Plaintiff's care, recovery or rehabilitation.

27.     Defendant State Farm Insurance failed to pay any or all of the insurance benefits.

28.     Plaintiff Glynn Akins provided Defendant State Farm Insurance reasonable proof of loss.

29.     Defendant State Farm Insurance failed to pay the claim within 30 days and Plaintiff Glynn Akins is entitled to 12% penalty interest on all overdue benefits.

## COUNT II

## BAD FAITH BREACH OF FIDUCIARY DUTIES

30.     Plaintiff incorporates paragraphs 1 through 29 as though fully set forth here.

6

31.     Defendant State Farm Insurance Company is under a duty to act in good faith toward its insured and customer, Glynn Akins.

32.     Defendant State Farm Insurance Company is under a duty to exercise good faith in its investigation of the claims of Plaintiff Glynn Akins.

33.     Defendant State Farm Insurance Company voluntarily assumed fiduciary duties toward its customer/insureds in general and Plaintiff Glynn Akins, in particular.

34.     Defendant State Farm Insurance Company breached its duty of good faith and its duty to act in good faith in its investigation of the claims of Plaintiff Glynn Akins in the following ways:

a.      Defendant State Farm has engaged in improper corporate adjusting practices that delay payment of benefits without basis to the economic advantage of State Farm, deny claims without basis to the economic detriment of Plaintiff Glynn Akins and to defend claims in protracted litigation to supplement the delay and denial tactic;

b.      Defendant State Farm Insurance Company intentionally ignored the opinions of its hired expert Dr. W. John Baker, who provided State Farm with an opinion that Mr. Akins is in need of some attendant care;

c.      Defendant State Farm Insurance Company has ignored the requirements of the Michigan No Fault Automobile Insurance Act and is using medical examinations as a means of delay and as a means of retroactively justifying its improper delay and denial of claims;

d.      Defendant State Farm Insurance Company has ignored the requirements of the Michigan No Fault Automobile Insurance Act and is using discovery as a

7

Case 4:10-cv-12755-MAG-VMM  ECF No. 6-1, PageID.56  Filed 09/08/10  Page 9 of 10

means of delay and as a means of retroactively justifying its improper delay and denial of claims;

e.      Defendant State Farm Insurance Company intentionally ignored the findings of the jury in *Akins I* and is forcing Plaintiff Glynn Akins to engage in repeated and costly litigation to obtain benefits that should be paid without delay;

f.      Defendant State Farm Insurance Company has used improper insurance adjusting practices and improperly utilized its greater economic power to systematically and purposely cause Plaintiff Glynn Akins to give up his right to benefits and to cause economic and emotional hardship.

35.     Defendant State Farm Insurance Company approved of and allowed its employees to engage in behavior that was in direct conflict with the duties of Good Faith and fair dealing with their customers/insureds and included breach of voluntarily assumed duties including but not limited to failing to advise Glynn Akins of the reasons why it has refused to properly pay attendant care benefits since the conclusion of *Akins 1*.

36.     State Farm's tortious conduct and breach of voluntarily assumed duties is independent of its breach of contract and was malicious and so willful and wanton as to demonstrate a reckless disregard of Plaintiff's rights causing Plaintiff to suffer exemplary and compensatory damages.

WHEREFORE, Plaintiff Glynn Akins respectfully requests that this Honorable Court enter an Order to Show Cause against Defendant State Farm Mutual Automobile Insurance Company, a foreign corporation, as to why Defendant State Farm Insurance has not complied with the provisions of the No-Fault Act in paying benefits provided under the Act and declare Defendant, State Farm Insurance's obligation to so comply, and otherwise determine and declare

8

Case 4:10-cv-12755-MAG-VMM  ECF No. 6-1, PageID.57  Filed 09/08/10  Page 10 of 10

the rights and responsibilities of the parties pursuant to the No-Fault Act, including whether Glynn Akins must undergo yet another examination with a doctor of State Farm's choosing when Mr. Akins was examined by two State Farm doctors in the last litigation.

B.      That this Honorable Court enter a money judgment together with court costs and attorney fees so wrongfully sustained in whatsoever amount the Plaintiff is found entitled as to exemplary and compensatory damages and to as to No-Fault benefits accrued and owing to Plaintiff through the time of entry of said Judgment reserving any and all causes of action held by Plaintiff for money damages as to benefits incurred subsequent to entry of Judgment herein.

C.      That this Honorable Court award actual attorney fees and interest as called for under the No-Fault Act.

D.      That this Court order an expedited trial of this matter in accordance with MCR 2.501(B).

E.      That the Plaintiff may have any other and further relief as shall be agreeable to equity and good conscience.

Date: June 28, 2010

Respectfully submitted,

Nicholas S. Andrews
Liss, Seder & Andrews, PC
39400 Woodward Ave. Suite 200
Bloomfield Hills, MI 48304
248.647.9700
nandrews@lissfirm.com
Attorney Bar No. P42693

9