# Exhibit 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GLYNN D. AKINS,

    Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, a foreign
corporation,

    Defendant.

Case No: 2:10-cv-12755

Hon. Mark A. Goldsmith

Magistrate Judge Virginia M. Morgan

| NICHOLAS S. ANDREWS (P42693)<br>LISS AND ASSOCIATES, P.C.<br>Attorneys for Plaintiff<br>39400 Woodward, Suite 200<br>Bloomfield Hills, MI 48304<br>(248) 647-9700 | JAMES F. HEWSON (P27127)<br>HEWSON & VAN HELLEMONT, P.C.<br>Attorneys for State Farm<br>25900 Greenfield Road, Suite 326<br>Oak Park, Michigan 48237<br>(248) 968-5200 |
|---|---|

### STATE FARM'S RESPONSE TO PLAINTIFF'S FIRST REQUESTS FOR ADMISSIONS, INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT STATE FARM

State Farm Mutual Automobile Insurance Company, by its attorneys, Hewson & Van Hellemont, P.C., submits its Response to Plaintiff's First Requests for Admissions, Interrogatories and Request for Production of Documents to Defendant State Farm as follows:

**Request for Admission No. 1.** Admit that Defendant State Farm is the responsible insurer to provide automobile no fault insurance benefits to Glynn Akins.

**Response:** Objection to the form of the request and, therefore, denied. However, State Farm does admit to being the no-fault carrier assigned to pay any claims arising

out from injuries sustained in the automobile accident of September 4, 2005 which are reasonable, necessary, related and incurred.

**Request for Admission No. 2.** Admit that Glynn Akins sustained an accidental bodily injury in the automobile accident of September 4, 2005.

Response: State Farm admits.

**Request for Admission No. 3.** Admit that Glynn Akins' accidental bodily injury arose out of the ownership, operation, maintenance, or use of a motor vehicle as a motor vehicle on September 4, 2005.

Response: State Farm admits.

**Request for Admission No. 4.** Admit that Glynn Akins incurred allowable expenses arising out of the accidental bodily injury.

Response: State Farm objects to the overly broad nature of this request for admission as it does not confine itself to a time period embodied in this lawsuit. However, State Farm admits that prescriptions have been paid in the time period embodied by this lawsuit, and the prescriptions are allowable expenses arising out of the accidental bodily injury of Plaintiff. State Farm has also paid for psychotherapy and case management.

**Request for Admission No. 5.** Admit that Glynn Akins sustained a traumatic brain injury in the automobile accident of September 4, 2005.

Response: State Farm admits.

**Request for Admission No. 6.** Admit that Glynn Akins experienced cognitive deficits, anxiety and depression as a result of the severe traumatic brain injury.

Response: Objection to the compound nature of this request to admit and to the fact that the request is overly broad and does not confine itself to facts at issue in this lawsuit.

Request for Admission No. 7. Admit that Glynn Akins' treating physicians have prescribed 24-hour attendant care because of the injuries sustained in the automobile accident of September 4, 2005, up to the present time.

Response: Objection, this request to admit is vague, compound in nature and fails to specify which physician's actions State Farm is asked to admit to. State Farm cannot address requests to admit which refer to Plaintiff's "treating physicians" as it may not know all of Plaintiff's treating physician or, even, Plaintiff's current physicians.

Request for Admission No. 8. Admit that Glynn Akins' treating physicians have prescribed 24-hour attendant care because of the injuries sustained in the automobile accident of September 4, 2005, from November 24, 2009, to the present.

Response: Objection, this request does not specify to whom it is referring. State Farm cannot address requests to admit which refer to Plaintiff's "treating physicians" as it may not know all of Plaintiff's treating physician or, even, Plaintiff's current physician.

Request for Admission No. 9. Admit that Glynn Akins has incurred attendant care expenses for attendant care provided 24-hours per day at the reasonable market rate.

Response: Objection, this request is compound in nature, vague and also requests admission to a fact not in the control and custody of State Farm.

Request for Admission No. 10. Admit that the reasonable market rate for the attendant care incurred by Glynn Akins is $30 per hour.

Response: Objection. This request is compound in nature, vague, and seeks admission of facts not in evidence as well as assumes facts not in evidence.

**Request for Admission No. 11.** Admit that there had been no substantial change in the facts and circumstances of Glynn Akins' condition or need for attendant care since November 24, 2009.

Response: Objection, this request is compound in nature, and it calls for an expert opinion.

**Request for Admission No. 12.** Admit that there has been no substantial change in the attendant care provided to Glynn Akins since November 24, 2009.

Response: Objection, this request to admit is improper and assumes facts not in evidence and calls for an admission of facts which are not currently under the control and custody of State Farm.

**Request for Admission No. 13.** Admit that State Farm received a demand for payment of attendant care benefits relating to November 24, 2009, through November 30, 2009, dated December 28, 2009.

Response: Admit.

**Request for Admission No. 14.** Admit that State Farm received a demand for payment of attendant care benefits relating to December 1, 2009, through December 31, 2009, dated April 30, 2010.

Response: Admit.

**Request for Admission No. 15.** Admit that State Farm received a demand for payment of attendant care benefits relating to January 1, 2010, through January 31, 2010, dated April 30, 2010.

4

Response: Admit.

**Request for Admission No. 16.** Admit that State Farm received a demand for payment of attendant care benefits relating to February 1, 2010, through February 28, 2010, dated April 30, 2010.

Response: Admit.

**Request for Admission No. 17.** Admit that State Farm received a demand for payment of attendant care benefits relating to March 1, 2010, through March 31, 2010, dated May 24, 2010.

Response: Admit.

**Request for Admission No. 18.** Admit that State Farm received a demand for payment of attendant care benefits relating to April 1, 2010, through April 30, 2010, dated May 24, 2010.

Response: Admit.

**Request for Admission No. 19.** Admit that State Farm has not sent any letters to Mr. Akins setting forth the reason for its failure to pay attendant care benefits since November 24, 2009.

Response: Denied.

## Interrogatories

**Interrogatory No. 1.** Set forth the following information in regard to every Request for Admission that you did not admit:

    a. Describe in detail the factual basis for your refusal to admit.

5

   b. Identify each person having knowledge of the factual basis for your refusal to admit and a summary of the knowledge possessed by each person.

   c. Identify each document that supports your refusal to admit.

**Response:**

Request to Admit No. 1:

    a. This request lacks sufficient specificity for an admission.

    b. Diane L. Hewson

    c. Federal Rules of Civil Procedure

Request to Admit No. 4:

    a. This request is overly broad and fails to exhibit sufficient specificity to allow an answer.

    b. Diane L. Hewson

    c. Federal Rules of Civil Procedure.

Request to Admit No. 6:

    a. This request to admit is compound in nature and lacks sufficient specificity to allow answering.

    b. Diane L. Hewson

    c. Federal Rules of Civil Procedure

Request to Admit No. 7:

    a. This request to admit is compound in nature and lacks sufficient specificity to allow answering.

    b. Diane L. Hewson

    c. Federal Rules of Civil Procedure

Request to Admit No. 8:

    a.     This request to admit is compound in nature and lacks sufficient specificity to allow answering.

    b.     Diane L. Hewson

    c.     Federal Rules of Civil Procedure

Request to Admit No. 9:

    a.     This request to admit, in its present form, is unanswerable. It is a request for admission of facts not in evidence, is compound in nature, is vague as to the use of terms and not specific as to the timeframe in question.

    b.     Diane L. Hewson

    c.     Federal Rules of Civil Procedure

Request to Admit No. 10.

    a.     This request to admit, in its present form, is unanswerable. It is a request for admission of facts not in evidence, is compound in nature, is vague as to the use of terms and not specific as to the timeframe in question.

    b.     Diane L. Hewson

    c.     Federal Rules of Civil Procedure

Request to Admit No. 11.

    a.     This request to admit, in its present form, is unanswerable. It is a request for admission of facts not in evidence, is compound in nature, is vague as to the use of terms and not specific as to the timeframe in question. Additionally, this request asks for an admission of fact based on expert testimony.

    b.     Diane L. Hewson

    c.     Federal Rules of Civil Procedure

Request to Admit No. 12.

    a.     This request to admit, in its present form, is unanswerable. It is a request for admission of facts not in evidence, is compound in nature, is vague as to the use of terms and not specific as to the timeframe in question. Additionally, this request asks for an admission of fact based on expert testimony.

b. Diane L. Hewson

c. Federal Rules of Civil Procedure

Request to Admit No. 19.

a. Please see letters dated September 16, 2010 and October 11, 2010 and see numerous correspondence sent prior to the above letters.

b. Diane L. Hewson

c. Federal Rules of Civil Procedure

**Interrogatory No. 2.** State the name, last known address, last known telephone number, last known employer and job title of every person employed by or on behalf of Defendant State Farm Insurance that participated in and/or made any decision and/or provided any information or opinions to State Farm regarding the payment or denial of insurance benefits for Glynn Akins.

**Response:** Defendant objects to the overly broad form of this Interrogatory. However, waiving said objection, Ruthann Tuttle, Claim Representative and Ron Ikens, Team Manager.

**Interrogatory No. 3.** State with particularity the following with respect to Requests to Admit Nos. 13 through 18:

a. State the date that State Farm received the demand for payment of attendant care benefits.

b. Describe with particularity the investigation conducted by State Farm during the first 30 days after receipt of each described demand for payment of attendant care benefits.

8

c. If any investigation was performed, provide the specific date or dates of the investigation conducted during the first 30 days after receipt of the demand for payment of attendant care benefits.

d. State the name, last known address, last known telephone number, last known employer and job title of every person involved in the investigation.

**Response:**

a. State Farm received the demand for attendant care benefits on December 28, 2009; May 6, 2010 and May 27, 2010.

b. State Farm objects to the form of this Interrogatory. However, subject to its objection, State Farm states that Plaintiff has failed to submit reasonable proof of the fact and amount of loss for which he is claiming a benefit is owed. It's Plaintiff's duty to present his claim and the reasonable proof in support thereof. Defendant remains open and available to the examination of any such proof should it be submitted by the Plaintiff.

c. State Farm objects to the form of this Interrogatory. However, subject to its objection, State Farm states that Plaintiff has failed to submit reasonable proof of the fact and amount of loss for which he is claiming a benefit is owed. It's Plaintiff's duty to present his claim and the reasonable proof in support thereof. Defendant remains open and available to the examination of any such proof should it be submitted by the Plaintiff.

d. State Farm objects and states that all names will be supplied pursuant to Federal court rules and the Court's scheduling order. However, Ruthann Tuttle is the claim representative in charge of handling Plaintiff's claim.

**Interrogatory No. 4.** State with particularity every fact (and not conclusions) that State Farm relies upon for its failure to pay attendant care benefits since November 24, 2009. Also identify the following:

a. All documents that evidence every fact that State Farm relied upon in support of failure to pay attendant care benefits since November 24, 2009.

9

b. The name, address and telephone number of any expert witness that State Farm relied upon in support of its failure to pay attendant care benefits since November 24, 2009.

c. The name, address and telephone number of any lay witness that State Farm relied upon in support of its failure to pay attendant care benefits since November 24, 2009.

**Response:** Defendant objects to the form of the Interrogatory. Also, State Farm will disclose its expert and lay witness in accordance with the Federal Rules and the Court's scheduling Order. Without waiving said objection, Plaintiff has failed to submit reasonable proof in support of a fact and amount of loss

a. Without waiving the above objection, State Farm relied upon the records submitted by Dr. Sewick, Dr. Shiener, Dr. Belen and Rehabilitation Institute of Michigan as well as other documents from Plaintiff's treating physicians. These documents are already in the position and control of the Plaintiff. Also, Defendant relied upon the IME reports of Dr. Baker, Dr. Jackson, Dr. Femminineo and Theresa LaRosa. These IME reports are already in Plaintiff's possession but are also contained within the claim file.

b. Objection to the form of the Interrogatory. Additionally, Defendant will disclose its expert witnesses in accordance with Federal rules and the Court's scheduling Order. Without waiving said objection, Defendant relies on the expert opinions of Dr. Femminineo, Theresa LaRosa, Dr. Baker and Dr. Jackson.

c. Defendant objects to the form of the Interrogatory. Additionally, Defendant will disclose its expert witnesses in accordance with Federal rules and the Court's scheduling Order. Without waiving said objection, Defendant relies on the expert opinions of Dr. Femminineo, Theresa LaRosa, Dr. Baker and Dr. Jackson.

**Interrogatory No. 5.** State with particularity every fact (and not conclusions) that State Farm relied upon in its claim in its March 8, 2010, letter to Plaintiff's Nurse Case

10

Manager that "there does not appear to be a clear necessity for you to continue to attend physician appointments with Glynn Akins." Also indentify the following:

   a. All documents that evidence every fact that State Farm relied upon in support of its claim as outlined in its March 8, 2010, letter to Mr. Akins' Nurse Case Manager.

   b. The name, address and telephone number of any expert witness that State Farm relied upon in support of its claim as outlined [sic] its March 8, 2010 letter to Mr. Akins' Nurse Case Manager.

   c. The name, address and telephone number of any lay witness that State Farm relied upon in support of its claim as outlined in its March 8, 2010, letter to Mr. Akins' Nurse Case Manager.

   d. Describe any computer programs

Response:

   a. Please refer to the medical records of the Plaintiff which are currently in the Plaintiff's custody and control. Also see the letters of Ruthann Tuttle dated October 15, 2010; October 6, 2010, September 13, 2010 and March 8, 2010 and Standard of Practice for Case Management and Ms. Tuttle's own experience.

   b. State Farm objects to this Interrogatory and will disclose its expert witnesses in accordance with the Federal rules and the Court's scheduling order.

   c. State Farm objects to this Interrogatory and will disclose its expert witnesses in accordance with the Federal rules and the Court's scheduling order.

   d. Objection. This Interrogatory makes no sense.

**Interrogatory No. 6.** State with particularity every fact (and not conclusions) that State Farm relied upon in its claim that the reasonable and customary rate for Nurse

11

Case Managers is $94.00 an hour as identified in State Farm's letter of March 8, 2010 to Mr. Akins' Nurse Case Manager. Also identify the following:

   a. All documents that evidence every fact that State Farm relied upon in support of its claim as outlined in its March 8, 2010, letter to Mr. Akins' Nurse Case Manager.
   b. The name, address and telephone number of any expert witness that State Farm relied upon in support of its claim as outlined in its March 8, 2010, letter to Mr. Akins' Nurse Case Manager.
   c. The name, address and telephone number of any lay witness that State Farm relied upon in support of its claim as outlined in its March 8, 2010, letter to Mr. Akins' Nurse Case Manager.

Response:

   a. Defendant objects as it will disclose its witnesses in compliance with the Federal rules and the Court's scheduling order. However, State Farm states that it relied upon information supplied from Medical Care Coordinators, Genex, Manageability, Standards of Practice for Case Management and Ms. Tuttle's own experience..

   b. Please see answer to Interrogatory answer sub a. All witnesses will be listed in accordance with the Federal rules and the Court's scheduling order.

   c. Please see answer to Interrogatory answer sub a. All witnesses will be listed in accordance with the Federal rules and the Court's scheduling order.

**Interrogatory No. 7.** State if State Farm has a corporate policy that sets forth the information that the company considers to be reasonable proof of the fact and the amount of loss sustained relative to family provided attendant care and if so, identify the name and location of the document(s) that describe the policy.

Response: Objection as this Interrogatory is vague, ambiguous and overly broad. As State Farm can understand this Interrogatory, it appears to be seeking confidential, proprietary business information and trade secrets. Further, due to the overly broad

nature of this request, the question is also a potential invasion of the attorney/client privilege and the work product doctrine. As presently worded, the Interrogatory is not relevant, nor is it reasonably calculated to lead to the discovery of admissible evidence.

Notwithstanding these objections, however, State Farm answers that it does not have a corporate policy regarding the payment of any no-fault benefit because no-fault benefits are state specific and most be paid in accordance with the applicable statutes and case law of the individual state at the time the benefit is claimed. State Farm does have a corporate philosophy that all claims should be handled in accordance with current applicable statutes and case law, including laws which relate to no-fault benefits. State Farm's philosophy regarding reasonable proof is that it is proof which supports the payment of the claim.

Interrogatory No. 8. State the specific substantial change in the facts and circumstances of Glynn Akins' condition or need for attendant care after November 24, 2009, if any. State the following in regard to your answer to this interrogatory if you answer that there has been a substantial change in the facts and circumstances:

   a. Describe and identify with particularity each substantial change in the facts and/or circumstances that you claim occurred after November 24, 2009.
   b. Identify the specific date or dates that the substantial change occurred.
   c. Identify all documents that evidence a substantial change in the facts or circumstances identified in your Interrogatory Answer.
   d. Identify the name, address and telephone number of any expert witness that State Farm relied upon in support of its claim as outlined in your Interrogatory Answer.

e. Identify the name, address and telephone number of any lay witness that State Farm relied upon in support of its claim as outlined in your Interrogatory Answer.

Response: a.-e. Unknown at this time.

Interrogatory No. 9. State the date that State Farm advised Glynn Akins of its corporate policy that sets forth the information that the company considers to be reasonable proof of the fact and the amount of loss sustained relative to family provided attendant care and identify the document with particularity in which State Farm provided this information to Glynn Akins.

Response: Please see Answer to Interrogatory No. 7.

Interrogatory No. 10. With respect to Dr. Richard Jackson, please provide the following information:

a. How many times has State Farm (or anyone on behalf of State Farm) requested that this expert examine a customer of State Farm or provide an opinion for State Farm in the past five years.

b. How much money has State Farm paid to the expert in the past five years to perform examinations or provide opinions relative to the claims of State Farm's customers.

c. List all documents that were provided to Dr. Richard Jackson as part of State Farm's request that Dr. Jackson examine Mr. Glynn Akins.

d. The name, last known address, last known telephone number, employer and job title of the person at State Farm who provided the information in response to this interrogatory.

14

Response: a.-d. State Farm is in the process of obtaining this information and will supplement its answer forthwith.

## Requests to Produce

**Request to Produce No. 1.** Produce all documents described and identified in your Answers to the above Interrogatories and Requests for Admissions.

Response: All documents which are described and identified in State Farm's responses, without the exception of those items not subject to production, are available for inspection by the Plaintiff or, upon the payment of a small fee, can be reproduced on CV. State Farm requests that Plaintiff contact defense counsel's office, in writing, to specify his choice.

**Request to Produce No. 2.** Produce all documents, including any written agreements with the Michigan Assigned Claims Facility, evidencing Defendant State Farm's liability for Michigan No Fault Automobile Insurance benefits to Glynn Akins.

Response: Objection. This request is overly broad, vague and neither relevant nor designed to lead to the relevant, admissible evidence. However, without waiving said objection, any documents that State Farm knows of which would met this request are contained in the claim file. See response to request No. 1.

**Request to Produce No. 3.** Produce all documents maintained by Defendant State Farm that relate in any way to the claims of Glynn Akins including the entire claim file in State Farm's possession as it is maintained by State Farm and include all documents that relate to Glynn Akins' claim that State Farm does not maintain in its claim file but are retained by State Farm in other locations.

**Response:** Furthermore, State Farm will not produce the "entire" claim file as the said request seeks documents protected by both attorney/client privilege and the work product privilege. However, please see State Farm's response to request No. 1.

**Request to Produce No. 4.** Produce any and all Auto Claim Committee Reports generated in connection with Mr. Akins' claims for insurance benefits.

**Response:** Any such reports which are discoverable are contained within the claim. Please see response to request No. 1.

**Request to Produce No. 5.** Produce all documents that are kept or submitted to the Great Lakes Zone Consultant, the MCIU Zone Consultant or the SIU Zone Consultant relative to Mr. Glynn Akins.

**Response:** Any documents which meet this request and are not subject to a privilege are contained with the claim file. Please see response to request No. 1.

**Request to Produce No. 6.** Produce all documents maintained by Defendant State Farm Insurance that were used by State Farm to determine the value of attendant care provided to Glynn Akins.

**Response:** There has been no evaluation of the value of attendant care provided to Mr. Akins for the time period encompassed by this lawsuit as Plaintiff has failed to provide sufficient proof of the facts and the amount of loss to make such an attempted determination meaningful.

**Request to Produce No. 7.** All documents, including correspondence, memos, proposals, request for service, proposal design, contracts, bills, studies, surveys, presentations, and any other communication between McKinsey & Company regarding the adoption and implementation of the A.C.E. program from the initial contract through

and including the hiring or retention of McKinsey & Company by State Farm; and all documents relating to presentation made by McKinsey & Company to State Farm post-hiring/retention.

Response: Objection. This request for production of documents seeks documents which are not relevant to Plaintiff's claim in any way nor are they designed to lead to relevant, admissible evidence. Furthermore, this request seek proprietary information and self-evaluative.

Request to Produce No. 8. A copy of the ACE program documents, together with every amendment or supplement thereto, issued or published or created through the present; in connection therewith please also produce each report, blue book, paper or document in hard copy or digital form produced by or contributed to by McKinsey & Company which refers to or discusses the creation of ACE for State Farm, the intent of ACE, the goals of Ace or the implementation of ACE, and which was generated at any time through the present.

Response: State Farm objects to this request as it seeks proprietary, self evaluative material and attorney/client privileged material. Additionally, the ACE program has no relevance to any claim being made by Mr. Akins nor is it likely to lead to relevant admissible evidence.

Request to Produce No. 9. A copy of State Farm's Michigan No-Fault Guidelines.

Response: Objection. State Farm's Michigan No-Fault Guidelines is not in use nor has it been in use during the applicable timeframe for Mr. Akins' claim. As such, it is not relevant nor is it designed to lead to relevant, admissible evidence.

Request to Produce No. 10. Copies of any and all General Claims Memos relating to attendant care.

Response: Objection as this request does not seek relevant information nor designed to lead to relevant, admissible evidence.

Request to Produce No. 11. Produce the State Farm Auto Claim Manual and all documents related to the Auto Claim Manual that are specific to the State of Michigan or which in any way override the requirements of the Auto Claim Manual for the State of Michigan.

Response: Objection as this request does not seek relevant information nor designed to lead to relevant, admissible evidence.

I, Ruthann Tuttle, state that the answers to these Interrogatories are true and accurate to the best of my knowledge, information and belief.

Dated: 11/12, 2010

RUTHANN TUTTLE
State Farm Mutual Automobile Insurance Co.

As to objections only

Respectfully submitted,

HEWSON & VAN HELLEMONT, P.C.

By: _____
James F. Hewson (P27127)
Attorney for State Farm
(248) 968-5200

Dated: November 12, 2010

18

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GLYNN D. AKINS,

    Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, a foreign
corporation,

    Defendant.

Case No: 2:10-cv-12755

Hon. Mark A. Goldsmith

Magistrate Judge Virginia M. Morgan

| | |
|---|---|
| NICHOLAS S. ANDREWS (P42693)<br>LISS AND ASSOCIATES, P.C.<br>Attorneys for Plaintiff<br>39400 Woodward, Suite 200<br>Bloomfield Hills, MI 48304<br>(248) 647-9700 | JAMES F. HEWSON (P27127)<br>HEWSON & VAN HELLEMONT, P.C.<br>Attorneys for State Farm<br>25900 Greenfield Road, Suite 326<br>Oak Park, Michigan 48237<br>(248) 968-5200 |

## PROOF OF SERVICE

    Terrie A. Hansford-Hering, being duly sworn, deposes and says that she is employed by the firm of Hewson & Van Hellemont P.C., attorneys for Defendant, and that on the 12th day of November, 2010, she served a copy of State Farm's Response to Plaintiff's First Requests for Admissions, Interrogatories and Request for Production of Documents to Defendant State Farm upon: Nicholas Andrews, Esq, 39400 Woodward Suite 200, Bloomfield Hills, MI 48304 via First Class Mail and Facsimile.

    I declare, under the penalty of perjury, that the above statement is true to the best of my knowledge, information and belief.

                                                    Terrie A. Hansford-Hering