# Exhibit 4

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF OAKLAND

DAVID BRIAN MERCIERS,

          Plaintiff,

v                                     No.  08-096073-NF

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, a foreign corporation,

          Defendant./
_____

MOTION TO COMPEL

BEFORE THE HONORABLE SHALINA KUMAR

Pontiac, Michigan - Wednesday, June 30, 2010

APPEARANCES:

For the Plaintiff:    JOHN A. DOMINIC (P32477)
                      Liss, Seder & Andrews, P.C.
                      39400 Woodward Avenue, Suite 200
                      Bloomfield Hills, Michigan 48304
                      (248) 647-9700

For the Defendant:    LISA K. ANDERSON (P52913)
                      Hewson & Van Hellemont, P.C.
                      25900 Greenfield Road, Suite 326
                      Oak Park, Michigan 48237
                      (248) 968-5200

Transcription By:     Sandra Traskos, CER 7118
                      Accurate Transcription Services
                      (734) 944-5818

1

TABLE OF CONTENTS

PAGE:

WITNESSES:

None

EXHIBITS:                                          RECEIVED:

None offered.

Pontiac, Michigan

Wednesday, June 30, 2010 - 9:47 a.m.

* * * * * *

THE CLERK: --6073-NF.

MR. DOMINIC: Good morning, Your Honor, may it please the Court, John Dominic on behalf of the plaintiff.

MS. ANDERSON: Good morning, Your Honor, Lisa Anderson appearing on behalf of defendant State Farm.

This is our motion to compel more specific answers to State Farm's sixth set of interrogatories. We sent out three interrogatories to plaintiff's counsel and we cited language from three paragraphs of plaintiff's complaint and asked for the factual basis for those allegations in the plaintiff's complaint. The responses that we got back did not answer any of those interrogatories, they did not provide the factual basis' instead all they indicate in their answers is that the factual basis are believed to be contained in documents within State Farm's possession.

They then reference ACE documents which they have not ever filed a formal request to produce for in this case. They're irrelevant to this case because they were documents that were related solely to claims handling in the 1990s. This involves a 2007 accident.

3

And, furthermore, the ACE documents only relate to third-party claims as opposed to first-party claims, which is what we're dealing with here.

Their answers are very problematic to the defendant in terms of trying to present a defense because we can't--we don't know of any factual support they're going to use.  Are we supposed to guess what factual support?

MCR 2.114(D)(2) requires that when anybody, an attorney, signs a pleading it's a verification that based upon their knowledge, information, and belief formed after reasonable inquiry that the document is well grounded in fact.  Clearly, plaintiffs have not been able to provide any factual basis for three paragraphs of their complaint which defendant is now required to defend.

So, we are asking that those--the responses be considered a failure to answer per MCR 2.313(A)(4).  We are asking for an order compelling more specific answers to interrogatories, and we are asking that the Court enter an order that those three paragraphs where they have been unable to provide any factual support for those claims be stricken if they do not provide more specific answers to those three interrogatories regarding the three paragraphs of their complaint that

4

they filed and signed per MCR 2.114 within seven days of an order of this Court.

MR. DOMINIC: Good morning, Your Honor.  I know Your Honor is aware of the status of this litigation.  Your Honor has ordered that this matter be bifurcated into two trials.  One, first being the proximate cause trial.  Paragraphs 10, 11, and 20 of the third amended complaint have nothing to do with that.

What counsel has indicated about the ACE documents is also untrue.  We had made a formal request of the ACE documents in production of duces tecum of the deposition of a Ruth Ann Tuttle (ph).  They filed a motion for protective order and because of the status of the two trials before the--we had the hearing before Your Honor, an agreement was reached between the parties that would be held in abeyance until after the proximate cause trial should the case proceed after that.

We hear this argument about the ACE documents all the time, Your Honor, from State Farm.  I know Your Honor knows that we have many cases involving State Farm.  We recommend that at this point, Your Honor, that if defendant wants us to answer these questions, although premature based on the status of the trials,

5

that they be ordered to turn over the ACE documents forthwith, give us a reasonable time to review it, we will then answer our--these interrogatories more fully to the best of our ability.  But, we need those documents as we said in our response.

I've got nothing else to say, Your Honor, on the basis that we fight this argument all the time on the ACE documents.  The ACE documents was a program that is still in effect, it is not related only to third-party cases, it's been involved in first-party cases as well, not only in this Court but also the United States District Court all over this country.  I would recommend, Your Honor, that defendant's motion be denied or in the alternative Your Honor order that the defendant produce the ACE documents, we be given a reasonable time to respond to those interrogatories. At this point, again, I think it's premature but if Your Honor needs to make a decision in that light I would recommend that.

MS. ANDERSON: May I comment?

Again, plaintiff has not ever filed a formal request to produce for these documents.  There was a request attached to a deposition notice for State Farm claim representative Ruth Ann Tuttle.  That deposition never went forward.  Her deposition is totally

6

irrelevant to the trial that we are going to have in September of 2010. But, the plaintiff cannot escape the fact that whenever they added those paragraphs to their complaint that they certified that after reasonable inquiry they were well grounded in fact. They had to have that factual basis before they could properly file their complaint with those allegations in those three paragraphs, and if they didn't have the factual basis then they are--then they are subject to sanctions under MCR 2.114(D).

THE COURT: I do remember though some discussion about holding off on this issue until after the proximate cause trial, and that's why you didn't ask for them because we were going to deal with it after the trial.

MR. DOMINIC: That's correct, Your Honor.

THE COURT: Right, because it wasn't ripe yet.

MR. DOMINIC: That was exactly what happened in January.

THE COURT: You can have it--you choose which way you want it. Either you turn over the documents now and they have to answer the interrogatories or we wait 'til after the first trial and then we can deal with this issue, because these three paragraphs don't have to do with the first trial, right?

7

MR. DOMINIC: Absolutely not, Your Honor. That's claims handling in those three paragraphs.

THE COURT: So, you choose. I think we should wait, but if you--

MS. ANDERSON: Well, there's been no formal request for them to--

THE COURT: I know, because we had a discussion in chambers about waiting. So, I'm sure that's why he didn't do the formal request because I didn't think it was a ripe issue at the time and it's still not a ripe issue, I don't think. Why even mess with the issue because if they lose the first trial then we're not even getting to it. So, that's why-- that's why he hasn't asked for it because I told him to wait I think. I just remember some informal discussion about it.

MR. DOMINIC: We did have those discussions, Your Honor, that is what occurred in January. Ms. Anderson obviously wasn't there but that's what happened.

MS. ANDERSON: Well, could you ask him to turn over the factual basis that he used to file those three paragraphs in the complaint absent the ACE documents and that information? That's what we need.

MR. DOMINIC: Well, Your Honor, if I--if I am-

8

-let me indicate this. Defendant has turned over the ACE documents in other litigation, okay. If they are willing to agree to not hold any protective order in the documents that have been turned over before, then will use those documents that will be relevant in this case to answer those questions. I don't still understand why State Farm will not turn over these documents. They've turned it in other cases where they've been compelled by the court to do it.

THE COURT: Okay, but aside from getting the documents, I mean, you need file the complaint and it had those allegations. Can't you answer their interrogatories in some manner?

MR. DOMINIC: The answers to those interrogatories, Your Honor, are contained in the documents that defendant has refused to turn over. We know about the existence of these documents. This was all held in abeyance until we got to the proximate cause trial and what resolved from that trial. At this point in time I'd be compelled to use documents that are under a protective order in other litigation. If they want to waive the protective order I'd be more than happy, Your Honor. We need those documents to answer those allegations. We know they exist.

THE COURT: All right. I'm going to deny the

motion without prejudice.  I don't think that it's ripe yet before the first trial.  We'll see what happens at the first trial and then you can come back.

MR. DOMINIC: Thank you, Your Honor.

(At 9:55 a.m., proceeding concluded.)

* * * * * *

10

COUNTY OF OAKLAND        )ss.

STATE OF MICHIGAN        )


        I certify that this transcript is a true and accurate transcription to the best of my ability of the proceeding in this case before the Honorable Shalina Kumar as recorded by the clerk.

        Proceedings were recorded and provided to this transcriptionist by the Circuit Court and this certified reporter accepts no responsibility for any events that occurred during the above proceedings, for any inaudible and/or indiscernible responses by any person or party involved in the proceeding or for the content of the recording provided.


Dated: July 8, 2010




_____

Sandra Traskos, CER 7118

11