UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GLYNN D. AKINS,

        Plaintiff,                   Civil Case No.
                                                     10-CV-12755

vs.

                                                     HON. MARK A. GOLDSMITH

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

        Defendant.
_____/

## OPINION AND ORDER (1) GRANTING DEFENDANT'S MOTION TO DISMISS COUNT II OF THE COMPLAINT AND (2) GRANTING PLAINTIFF'S MOTION FOR SANCTIONS

### I.    Introduction

Before the Court are Defendant's motion to dismiss count II of the complaint and Plaintiff's motion for sanctions. For the reasons explained below, the Court will grant both motions.

### II.    Factual and Procedural Background

Plaintiff Glynn Akins was injured when he was struck by an unidentified vehicle on September 4, 2005. Docket entry (D.E.) 6 at 1 (motion to dismiss). Because Akins was uninsured, his claim was assigned through Michigan's Assigned Claims Facility to State Farm. Id. Akins alleges that, in the accident, he sustained a traumatic brain injury, requiring significant medical treatment, including in particular "attendant care," which is prescribed by Akins' doctors and provided by Akins' father. D.E. 6-1 ¶ 7 (complaint); D.E. 10 at 1 (response). According to the complaint, despite the fact that Akins has complied with all of the requirements of the

Michigan No Fault Act, Mich. Comp. Laws § 505.3101, et seq., Defendant State Farm has refused to pay automobile no-fault insurance benefits due under the Act, including attendant care benefits. D.E. 6-1 ¶ 9.

Prior to filing the instant action, Akins had filed suit in Oakland County Circuit Court against State Farm for failure to pay benefits related to the accident. According to the instant complaint, that suit went to trial and Akins received a verdict in his favor in November 2009 for benefits due up to that time. Id. at ¶ 15. Akins alleges that the jury determined that State Farm was late in its payment of attendant care benefits and valued the attendant care provided by Akins' father at $30 per hour. He further alleges that the court determined that State Farm's actions in failing to pay benefits within 30 days of receiving reasonable proof of the amount of loss sustained were unreasonable and ordered State Farm to pay sanctions. Id. at ¶¶ 16-18. Akins also alleges that, despite the fact that there has been no significant change in Akins' condition or need for attendant care services since the jury verdict, State Farm has not made any payments for attendant care benefits. Id. at ¶¶ 19-20.

In the instant complaint, removed to federal court on July 13, 2010, Akins alleges two counts: (i) violation of the Michigan No Fault Act and (ii) bad faith breach of fiduciary duties. D.E. 6-1 at 6. The second count is the subject of Defendant's current motion. In support of count II, Akins alleges that State Farm owed Akins a duty of good faith and had a fiduciary duty to Akins. Id. at ¶¶ 31-33. Akins alleges that State Farm violated those duties by, inter alia, engaging in improper corporate adjusting practices that purposefully delay payment, using discovery and medical examinations to delay and deny claims in violation of the No Fault Act, ignoring the jury verdict in the prior trial, and failing to advise Akins why it has refused to pay attendant care benefits since the prior trial. Id. at ¶¶ 34-35. The complaint also states that "State

Farm's tortious conduct and breach of voluntarily assumed duties is independent of its breach of contract . . . ." Id. at ¶ 36.

On September 9, 2010, State Farm filed a motion to dismiss count II of the complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6). D.E. 6. Akins filed a response; State Farm did not reply to Akins' response. On November 9, 2010, Akins filed a motion for sanctions regarding State Farm's answer to the complaint. D.E. 16 (sanctions motion). State Farm filed a response; Akins did not reply to the response.

The Court held a hearing on the motions on January 13, 2010. On January 14, 2010, the Court ordered the parties to submit supplemental briefs addressing authority on the theory of bad faith breach of voluntarily assumed fiduciary duties. Both parties have submitted supplemental briefs.

**III.  Discussion**

    **A.  Defendant's Motion to Dismiss Count II**

        **1.  Applicable Standard**

State Farm filed its purported Rule 12(b)(6) motion to dismiss *after* it filed its answer. Thus, the motion is inconsistent with Rule 12(b)(6), which states that "[a] motion asserting any of these defenses [including 12(b)(6), failure to state a claim upon which relief can be granted] must be made before pleading . . . ." Fed. R. Civ. P. 12(b). In situations like this, courts have treated such motions as requests for judgment on the pleadings pursuant to Rule 12(c). See, e.g., Reed Elsevier, Inc. v. TheLaw.net Corp., 269 F. Supp. 2d 942, 948 (S.D. Ohio 2003) ("where the pleadings are closed but a defendant mistakenly moves to dismiss under Rule 12(b)(6), instead of Rule 12(c), the Sixth Circuit has held that where the substance of the motion is plain, it is proper to treat a motion styled as one under Rule 12(b)(6) as if it were brought under Rule 12(c).")

(quotation marks omitted); Republic Steel Corp. v. Pennsylvania Engineering Corp., 785 F.2d 174, 182 (7th Cir. 1986).

In evaluating a motion for judgment on the pleadings pursuant to Rule 12(c),

> [c]ourts "must construe the complaint in the light most favorable to plaintiff," League of United Latin Am. Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir. 2007) (citation omitted), "accept all well-pled factual allegations as true[,]" id., and determine whether the "complaint states a plausible claim for relief[,]" Ashcroft v. Iqbal, --- U.S. ----, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009). However, the plaintiff must provide the grounds for its entitlement to relief, Bovee v. Coopers & Lybrand C.P.A., 272 F.3d 356, 361 (6th Cir. 2001), and that "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). A plaintiff must "plead [ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. A plaintiff falls short if she pleads facts "merely consistent with a defendant's liability" or if the alleged facts do not "permit the court to infer more than the mere possibility of misconduct . . . ." Id. at 1949, 1950.

Albrecht v. Treon, 617 F.3d 890, 893 (6th Cir. 2010).

**2. Analysis**

State Farm argues that Count II should be dismissed because the Michigan No Fault Act provides the exclusive remedy for any breach of a no-fault insurance contract. D.E. 6 at 3. State Farm argues that Akins' claims under count II of the complaint "arise[] solely out of State Farm's alleged bad-faith handling of his insurance claim. . . . Plaintiff has alleged no tortious conduct existing independent of the alleged breach of contract." Id. at 5. Accordingly, State Farm contends that the claim must be dismissed.

Akins clarified at the hearing that its claim in Count II is for bad faith breach of voluntarily assumed fiduciary duties. Akins' brief reveals the only possible source of the voluntarily assumed duties – a document entitled "Our Commitment to our Policyholders," which states in part:

> It is the responsibility of the State Farm claim staff to implement Company philosophy with respect to claim handling. Our commitment to our policyholders is to treat them like a good neighbor. We should:
>
> - Listen, be fair, be open, and carry out our part of the bargain under the contract in good faith.
> - Be familiar and in compliance with those laws and regulations that impact claims in the appropriate state or province, and treat policyholders consistent with requirements of the law.
> - Explain all relevant coverages under the policy. Encourage policyholders to report all losses and avail themselves of all benefits under their coverages.
> - Diligently investigate the facts to determine if a claim is valid, reasonably evaluate the claim and act promptly in resolving the claim. If it is necessary to reject a claim for coverage or damages, it should be done promptly and courteously, with an explanation for the decision.

D.E. 10 at 8 (Akins response); D.E.10-2 (document).[1]

State Farm is correct that there is authority holding that an insured may not bring a common law action for bad faith denial of a claim that is independent of the remedies allowed under the No Fault Act. See Cromer v. Safeco Ins. Co. of Am., No. 2:09-cv-13716, 2010 WL 1494469, at *3 (E.D. Mich. 2010) ("There is no tort of bad-faith handling of an insurance claim in Michigan."); Kewin v. Massachusetts Mutual Life Ins. Co., 295 N.W.2d 50, 56 (Mich. 1980). Indeed, Akins appears to concede as much. To the extent that portions of the complaint might be construed to raise that claim, State Farm is entitled to judgment. However, because Plaintiff has indicated that his claim is one for breach of voluntarily assumed fiduciary duties, the Court will address that issue.

In response to the Court's inquiry if any authority supported his theory of bad faith breach of voluntarily assumed duty, Akins presented the Court with three cases decided by non-

---

[1] The complaint does not allege, and Akins does not contend, that State Farm ever made Akins aware of this document. However, State farm does not argue this point.

Michigan courts, Stefan v. State Farm Mut. Auto. Ins. Co., 672 N.E.2d 1329 (Ill. App. Ct. 1996), Keightley v. Republic Ins. Co., 946 S.W.2d 124 (Tex. Ct. App. 1997), and Lloyd v. State Farm Mut. Auto. Ins. Co., 860 P.2d 1300 (Ariz. Ct. App. 1992).

These cases do not present analogous factual situations to the current case. Two of them – Lloyd and Keightley – do not involve first-party claims handling, and thus shed no light on the circumstances presented here. In Keightley, the issue was the insurance company's bad faith refusal to settle, a recognized claim against an insurer that is indemnifying its insured against liability to a third party. See 946 S.W.2d at 126 ("Morish sued Republic on causes of action allegedly arising from Republic's refusal to settle, within policy limits, on terms offered by the Keightleys"). In Lloyd, the portion of the case on which Akins relies concerns the insurance company's duty to defend its insured against liability to a third party, see 860 P.2d at 1303-04, also a recognized claim under Michigan law. See Citizens Ins. Co. v. Secura Ins., 755 N.W.2d 563, 566 (Mich. Ct. App. 2008).

The third case on which Akins relies, Stefan, 672 N.E.2d 1329, is also readily distinguishable from the instant case. In Stefan, the Illinois Appellate Court concluded that the trial court had wrongly dismissed a count of the complaint – asserted against an individual insurance agent – alleging that the agent had voluntarily undertaken a duty to inform the plaintiff of available coverage. Importantly, the individual agent in Stefan had engaged in a specific undertaking – voluntarily instituting a program to review the sufficiency of Stefan's insurance coverage – upon which Stefan relied to his detriment. Id. at 1334. In contrast, there is no such specific undertaking in the instant case. The document on which Akins bases his claim appears to be some sort of manual, which merely amplifies State Farm's philosophy for handling claims. The manual speaks in aspirational terms (see D.E.10-2 ("We should . . .")), and is a single page

in length, lacking in specificity. See id. ("Listen, be fair, be open, and carry out our part of the bargain . . ." "Be familiar and in compliance with those laws and regulations that impact claims in the appropriate state or province . . .").

Furthermore, the No Fault Act specifically covers bad-faith claims handling and sanctions insurers for such conduct by making penalty interest available. See Mich. Comp. Laws § 500.3142 (giving deadline for overdue personal protection insurance benefits and setting "overdue" interest rate); Butt v. Detroit Auto. Inter-Insurance Exchange, 341 N.W.2d 474, 477 (Mich. Ct. App. 1983) (explaining that No Fault Act contains remedy for bad-faith refusal to perform concerning an automobile no-fault insurance policy). In the absence of a specific undertaking by an insurer, the No Fault Act cannot be read as endorsing the availability of a common law cause of action for the same conduct that is regulated by the statute.

For these reasons, the authority presented by Akins does not serve to support a theory of bad-faith breach of a voluntary assumption of duty in the instant case.[2] Because the Court is unaware of any legal authority supporting Akins' claim, the claim shall be dismissed.

---

[2] In his initial response to the motion, Akins relied on an unpublished opinion by another judge in this District permitting the plaintiffs to raise a claim for a breach of an implied covenant of good faith and fair dealing against the defendant insurance company and a specific agent. See Santos v. Farmers Ins. Exchange, No. 07-11229, 2008 WL 2937776, at *7-*8 (E.D. Mich. July 24, 2008). To the extent Akins continues to rely on Santos as a potential basis for the instant claim, Santos, too, simply does not present an analogous situation. In Santos, the Court was faced with a question of the defendants' affirmative misrepresentations. See id. at *9 ("A jury could also infer that Farmers inhibited Plaintiffs' access to the benefits available under the umbrella policy by consistently maintaining that Plaintiffs were only entitled to $475,000 and challenging the arbitrators' award even though Farmers was long aware that Plaintiffs claim could reach the umbrella policy and circumstances showed that Plaintiffs did not realize they could receive additional benefits."). In the instant case, State Farm is not alleged to have made any specific, affirmative misrepresentations to Akins.

## B. Sanctions

Akins argues that this Court should sanction State Farm based upon its answer to the complaint. D.E. 16 (sanctions motion). Akins contends that State Farm violated its obligation under Federal Rule of Civil Procedure 11(b) to file a pleading that,

> . . . to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) . . . is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for the extending, modifying, or reversing existing law or establishing new law;
>
> . . . and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information.

Fed. R. Civ. P. 11(b). Akins argues that "State Farm's claim file, Plaintiff's medical records[,] and the testimony of the witnesses in the last trial contradict its Answer and reveal that State Farm has either denied factual allegations that it knows to be true or has claimed that it lacks knowledge or information that is within its purview to provide an answer." D.E. 16 at 1. In support, Akins cites fourteen specific responses contained in the answer allegedly warranting sanctions. Id. at 9-11. State Farm's response addresses each response and explains why, in its view, the answer did not violate Rule 11. See D.E. 19 (response to sanctions motion).

After reviewing the fourteen responses and State Farm's explanations, the Court will grant the sanctions motion. It is true that not all of the fourteen responses cited by Akins illustrate a violation of Rule 11. Some of the denials of allegations of the complaint had to do with State Farm's position that it has not yet been provided evidence (or sufficient) evidence of the attendant care expenses that Akins actually "incurred." It does not dispute its obligation to

provide attendant care expenses, but does dispute its having received reasonable proof of attendant care expenses that Akins has incurred. Thus where an allegation assumed reasonable proof had been submitted, State Farm was entitled to deny such allegation.

However, two examples provide blatant evidence of State Farm's violation of Rule 11. They concern Akins' allegations that (i) "[t]here has been no significant or material change in circumstances in Glynn Akins' condition or the need for attendant care of Glynn Akins since the jury reached its verdict in <u>Akins I</u> on November 24, 2009," and (ii) "[b]eginning the day after the verdict in <u>Akins I</u>, the Defendant State Farm Insurance has not made any payments for attendant care benefits." D.E. 6-1 ¶¶ 19-20 (complaint). In its answer, State Farm simply denied the first allegation as "untrue." D.E. 3 ¶ 19. Now, in its response to the sanctions motion, State Farm elaborates that "Plaintiff's allegation concerning his condition and material change in circumstances is dependent upon the jury's verdict in the previous action which is on appeal for a host of errors that were committed during the trial of that action." D.E. 19 at 15. In response to the second allegation, State Farm did not admit or deny whether it had paid any attendant care benefits, and instead again asserted that the jury verdict was flawed and that it was on appeal. D.E. 3 ¶ 20. State Farm now argues that its answer was appropriate because Akins' allegation "espouse[d] continued payment on the basis of the jury verdict, which is on appeal." D.E. 19 at 15.

These answers fall well short of what Rule 11 requires. The complaint allegations do not require agreement with the jury verdict in order to properly admit them. Whether there has been a change in Akins' circumstance does not depend on whether the jury was correct in its verdict or whether trial court errors draw that verdict into question. Akins is entitled to know whether State Farm maintains that there has been any change in Akins' physical or health-related

circumstances, matters that are not impacted by the legal propriety of the jury's verdict. In addition, State Farm's failure to either admit or deny whether it had made payments since the trial is plainly nonresponsive.

The Court will not tolerate this level of gamesmanship. The law requires that the parties' submissions to the Court and to each other be made in good faith, in a straightforward manner, and in compliance with the Federal Rules of Civil Procedure. State Farm's answer in the respects identified above fall far short of that standard. Accordingly, the Court will impose Rule 11 sanctions on State Farm, James F. Hewson, and Hewson & Van Hellemont, P.C. as described below.

## IV. Conclusion

For the foregoing reasons, the Court orders as follows:

- Defendant's Rule 12(c) motion (D.E. 6) is granted.

- Plaintiff's motion for sanctions (D.E. 16) is granted. Pursuant to Federal Rule of Civil Procedure 11(c), Plaintiff is entitled to the reasonable expenses, including attorney's fees, incurred in filing the motion. On or before July 28, 2011, Plaintiff's counsel must file with the Court an affidavit setting forth the time spent in preparing the motion for sanctions, along with any expenses, and set forth his standard hourly rate. In calculating the hours devoted to preparing the sanctions motion, Plaintiff's counsel shall not include the time devoted exclusively to those portions of State Farm's answer that the Court did not find objectionable. Any response by Defendant is due on or before August 4, 2011.

SO ORDERED.


Dated: July 15, 2011                           s/Mark A. Goldsmith
     Flint, Michigan                         MARK A. GOLDSMITH
                                       United States District Judge

**CERTIFICATE OF SERVICE**

      The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 15, 2011.

                                                  s/Deborah J. Goltz
                                                  DEBORAH J. GOLTZ
                                                  Case Manager