UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GLYNN D. AKINS,

                    Plaintiff,                          Civil Case No.
                                                        10-CV-12755

vs.
                                                        HON. MARK A. GOLDSMITH

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

                    Defendant.
_____/

## OPINION AND ORDER GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL DISCOVERY

### I.      Introduction

Before the Court is Plaintiff's motion to compel discovery.  Docket entry (D.E.) 27.
Defendant responded to the motion, D.E. 34, and the Court held a telephonic hearing on the
motion on April 6, 2011.  The Court also requested and received supplemental briefing with
regard to certain claims.  For the reasons explained below, the Court will overrule the majority of
the Defendant's objections and accordingly will grant the motion with regard to most of the
claims it raises.

### II.     Analysis

#### A.  Non-ACE and ACM Claims

Plaintiff's motion asks the court to compel answers to certain requests for admission and
interrogatories, and to compel the production of certain discovery.  Specifically, Plaintiff's
motion argues that the following submissions were insufficient:  Defendant's responses to

requests for admission 1, 6, 7, 8, 9, 10, and 12; responses to interrogatories 1, 2, 3(b), 3(d), 4, 5, 6, 7, and 10; and responses to requests for production 4, 5, 6, 7, 9, 10, and 11.  Defendant's response to the motion does not address several of Plaintiff's claims, specifically those made with regard to interrogatories 1, 2, 3(b), 3(d), 5, 6, and 10; and requests for production 4 and 5.  The Court construes Defendant's lack of response as an acknowledgment that Defendant did not properly respond to those discovery requests.  Therefore, any  objections by Defendant with regard to these interrogatories and requests are overruled and Defendant is directed to respond to them fully and without objection on or before August 10, 2011.

 This Opinion next addresses the contested claims, i.e. requests for admission 1, 6, 7, 8, 9, 10, and 12; interrogatories 4 and 7; and requests for production 6, 7, 9, 10 and 11.

Courts have long recognized the operative standards concerning the parties' duties in this area.  "Admissions are sought, first to facilitate proof with respect to issues that cannot be eliminated from the case, and secondly, to narrow the issues by eliminating those that can be."  Fed. R. Civ. P. 36 Advisory Committee's Notes, 1970 Amendment.  "Parties may not view requests for admission as a mere procedural exercise requiring minimally acceptable conduct.  They should focus on the goal of the Rules, full and efficient discovery, not evasion and word play."  Marchand v. Mercy Med. Ctr., 22 F.3d 933, 936-37 (9th Cir.1994).  Similarly, the rule providing for written interrogatories, Rule 33, "is intended to enable a party to prepare for trial, to narrow the issues and thus help determine what evidence will be needed at the trial, and to reduce the possibility of surprise at the trial.  See 8B Charles Allen Wright, Arthur R. Miller, et al., Federal Practice and Procedure § 2162 (2d ed. 1994).  The parties have a duty to discharge their discovery obligations in good faith.  The Court has broad discretion to ensure full discovery for the just, speedy, and inexpensive resolution of a case.  See Charles Alan Wright, Arthur R.

Miller, et al., 8B Federal Practice & Procedure §2284 (2d ed. 1994).  This includes the use of sanctions pursuant to Rule 37.  Id.

After reviewing Plaintiff's requests and Defendant's responses, the Court concludes that with respect to virtually every response Defendant has failed to meet its discovery obligation.

### 1.   Requests for Admission

At issue are requests for admission 1, 6, 7, 8, 9, 10, and 12.  The Court will set out Plaintiff's request, followed by Defendant's response.

> Request for Admission No.1: Admit that Defendant State Farm is the responsible insurer to provide automobile no fault insurance benefits to Glynn Akins.
>
> Response:  Objection to the form of the request and, therefore, denied.  However, State Farm does admit to being the no-fault carrier assigned to pay any claims arising out from injuries sustained in the automobile accident of September 4, 2005 which are reasonable, necessary, related and incurred.

Defendant's objection to the form of the request is improper.  An objection cannot merely recite "objection to the form" without specifying a basis.  See 8B Charles Allen Wright, Arthur R. Miller, et al., Federal Practice and Procedure § 2262 & n.5 (2d ed. 1994) (a party must "state the reasons for its objection"; [g]eneralized criticisms are not sufficient").  The Court strikes the objection and will regard the request for admission as admitted to the extent that Plaintiff is entitled to benefits.

> Request for Admission No.6:  Admit that Glynn Akins experienced cognitive deficits, anxiety and depression as a result of the severe traumatic brain injury.
>
> Response:  Objection to the compound nature of this request to admit and to the fact that the request is overly broad and does not confine itself to facts at issue in this lawsuit.

Defendant fails to raise a valid objection to the request.[1]  The request is not overly broad. To the extent the request covers more than one topic, Defendant still has an obligation to admit any portion that it can and deny the remainder.[2]  The objection is overruled.  As Defendant has neither admitted nor denied the requested admission, Defendant is directed to respond on or before August 10, 2011.

> Request for Admission No.7:  Admit that Glynn Akins' treating physicians have prescribed 24-hour attendant care because of the injuries sustained in the automobile accident of September 4, 2005, up to the present time.
>
> Response:  Objection, this request to admit is vague, compound in nature and fails to specify which physician's actions State Farm is asked to admit to.  State Farm cannot address requests to admit which refer to Plaintiff's "treating physicians" as it may not know all of Plaintiff's treating physician[s] or, even, Plaintiff's current physicians.

---

[1] The Court notes Defendant's single citation of authority, presumably standing for the proposition that its objections are justified.  The Court does not find this authority convincing in this case, however.  Defendant cites to a single practice guide stating that "compound, complex, and vague [requests for admission] are prone to objection."  Dkt. 34 at 3 (Defendant's response). Defendant does not cite any caselaw, precedential or otherwise, for this proposition.  The Court also notes that, in its review, the authority cited by Defendant has only ever been cited for the stated proposition in a single other matter, an unreported magistrate judge order from the District of Colorado.  See Cunningham v. Standard Fire Ins. Co., No. 07-cv-02538, 2008 WL 2247860, at *2 (D. Colo. 2008) (citing William W. Schwarzer et al., Civil Discovery and Mandatory Disclosure:  A Guide to Efficient Practice, 5-6 (2d ed.1994)).  Nor does the quotation from the practice guide give any indication that such objections would be appropriate in the facts and circumstances presented in this case.

[2] Rule 36 states:

> If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it.  A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest.  The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

Fed. R. Civ. P. 36(a)(4).

4

For the same reasons addressed above, Defendant's objections that the request is vague and compound are overruled. Further, Defendant's assertion that it does not know all of Plaintiff's treating physicians is not a valid basis for objection; Defendant has an obligation to state what it does and does not know. The objection is overruled and Defendant is directed to respond on or before August 10, 2011.

> Request for Admission No. 8: Admit that Glynn Akins' treating physicians have prescribed 24-hour attendant care because of the injuries sustained in the automobi1e accident of September 4, 2005, from November 24, 2009, to the present.

> Response: Objection, this request does not specify to whom it is referring. State Farm cannot address requests to admit which refer to Plaintiff's "treating physicians" as it may not know all of Plaintiff's treating physician or, even, Plaintiff's current physician.

Defendant's objection to this admission is overruled for same reason the objection to Request for Admission 7 was overruled. Defendant is directed to respond on or before August 10, 2011.

> Request for Admission No. 9: Admit that Glynn Akins has incurred attendant care expenses for attendant care provided 24-hours per day at the reasonable market rate.

> Response: Objection, this request is compound in nature, vague and also requests admission to a fact not in the control and custody of State Farm.

The Court rejects Defendant's boilerplate "compound" and "vague" objections for the reasons given above. See, e.g., Hunt v. Fields, No. CIV S-09-3525 FCD GGH P, 2011 WL 2709250 at *7 (E.D. Cal. July 11, 2011) (overruling objections that request was "vague, overly broad, [and] compound" as unexplained boilerplate). To the extent Defendant intends its assertion that the request addresses a fact "not in the control and custody of State Farm," to serve

as an objection, the Court overrules it.  Defendant's objection is inconsistent with Rule 36's

requirements of the answering party.  Defendant shall respond on or before August 10, 2011.

> <u>Request for Admission No. 10</u>:  Admit that the reasonable market rate for the attendant care incurred by Glynn Akins is $30 per hour.

> <u>Response</u>:  Objection.  This request is compound in nature, vague, and seeks admission of facts not in evidence as well as assumes facts not in evidence.

Defendant's objection is insufficient for the reasons explained above.  The objection is

overruled and Defendant is directed to respond on or before August 10, 2011.

> <u>Request for Admission No. 12</u>.  Admit that there has been no substantial change in the attendant care provided to Glynn Akins since November 24, 2009.

> <u>Response</u>:  Objection, this request to admit is improper and assumes facts not in evidence and calls for an admission of facts which are not currently under the control and custody of State Farm.

Again, Defendant's objection is not valid.  The objection is overruled and

Defendant is directed to respond on or before August 10, 2011.

### 2.  Answers to Interrogatories

At issue are interrogatories 4 and 7.

> <u>Interrogatory No. 4</u>:  State with particularity every fact (and not conclusions) that State Farm relies upon for its failure to pay attendant care benefits since November 24, 2009.  Also identify the following:

> a.    All documents that evidence every fact that State Farm relied upon in support of failure to pay attendant care benefits since November 24, 2009.
> b.    The name, address and telephone number of any expert witness that State Farm relied upon in support of its failure to pay attendant care benefits since November 24, 2009.
> c.    The name, address and telephone number of any lay witness that State Farm relied upon in support of its failure to pay attendant care benefits since November 24, 2009.

> <u>Response</u>:  Defendant objects to the form of the interrogatory.  Also, State Farm will disclose its expert and lay witness in accordance with the Federal Rules and

the Court's scheduling Order.  Without waiving said objection, Plaintiff has failed to submit reasonable proof in support of a fact and amount of loss[.]

a.  Without waiving the above objection, State Farm relied upon the records submitted by Dr. Sewick, Dr. Shiener, Dr. Belen and Rehabilitation Institute of Michigan as well as other documents from Plaintiff's treating physicians.  These documents are already in the position and control of the Plaintiff.  Also, Defendant relied upon the IME reports of Dr. Baker, Dr. Jackson, Dr. Femminineo and Theresa LaRosa.  These IME reports are already in Plaintiffs possession but are also contained within the claim file.

b.  Objection to the form of the Interrogatory.  Additionally, Defendant will disclose its expert witnesses in accordance with Federal rules and the Court's scheduling Order.  Without waiving said objection, Defendant relies on the expert opinions of Dr. Femminineo, Theresa LaRosa, Dr. Baker and Dr. Jackson.

c.  Defendant objects to the form of the Interrogatory.  Additionally, Defendant will disclose its expert witnesses in accordance with Federal rules and the Court's scheduling Order.  Without waiving said objection, Defendant relies on the expert opinions of Dr. Femminineo, Theresa LaRosa, Dr. Baker and Dr. Jackson.

The Court overrules Defendant's objection.  The scheduling order does not excuse Defendant from responding to interrogatories.  (If Defendant has not yet retained an expert, for example, Defendant's response may state just that.)  To the extent that Defendant supplied an answer, the answer is insufficient as it fails to give the address and telephone number of the expert witnesses it mentions, and fails to address the lay witness portion of the interrogatory in any way.  The answer also ignores the interrogatory's request to state with particularity every fact Defendant relied upon in deciding not to pay attendant care benefits since November 24, 2009.  Defendant is directed to  respond fully to the interrogatory on or before August 10, 2011.

Interrogatory No.7:  State if State Farm has a corporate policy that sets forth the information that the company considers to be reasonable proof of the fact and the amount of loss sustained relative to family provided attendant care and if so, identify the name and location of the document(s) that describe the policy.

Response:  Objection as this Interrogatory is vague, ambiguous and overly broad.  As State Farm can understand this Interrogatory, it appears to be seeking confidential, proprietary business information and trade secrets.  Further, due to

the overly broad nature of this request, the question is also a potential invasion of the attorney/client privilege and the work product doctrine.  As presently worded, the Interrogatory is not relevant, nor is it reasonably calculated to lead to the discovery of admissible evidence,

Notwithstanding these objections, however, State Farm answers that it does not have a corporate policy regarding the payment of any no-fault benefit because no-fault benefits are state specific and most be paid in accordance with the applicable statutes and case law of the individual state at the time the benefit is claimed.  State Farm does have a corporate philosophy that all claims should be handled in accordance with current applicable statutes and case law, including laws which relate to no-fault benefits.  State Farm's philosophy regarding reasonable proof is that it is proof which supports the payment of the claim.

Defendant's objections are overruled.  The interrogatory is not vague, ambiguous, or broad.  Further, the information it seeks does not appear to be proprietary, and Defendant's objection does not explain why such information or documentation would be.  Further, as the interrogatory requests a corporate policy or documents reflecting a corporate policy, it does not appear to seek attorney-client or work product information (and, certainly, Defendant's response does not explain why it does).  If Defendant has any other substantive information responsive to the interrogatory beyond what it has already stated, the Court directs it to provide an additional response on or before August 10, 2011.

### 3.  Requests for Production of Discovery

At issue is request for production 6.

<u>Request to Produce No.6</u>:  Produce all documents maintained by Defendant State Farm Insurance that were used by State Farm to determine the value of attendant care provided to Glynn Atkins.

<u>Response</u>:  There has been no evaluation of the value of attendant care provided to Mr. Akins for the time period encompassed by this lawsuit as Plaintiff has failed to provide sufficient proof of the facts and the amount of loss to make such an attempted determination meaningful.

In this single instance, the Court finds Defendant's response sufficient.  Plaintiff's complaint that Defendant has not answered the interrogatory is mistaken.  Notwithstanding the

extraneous argument concerning the Plaintiff's actions, the response states that there has not been an evaluation of the value of attendant care.

### B. ACE and ACM Documents

With regard to the ACE and ACM documents, the facts leading up to the motion are as follows. Akins requested that State Farm produce a copy of the Advancing Claims Excellence (ACE) program documents and State Farm's Auto Claims Manual (ACM). D.E. 27-2 at 17-18. State Farm responded to the requests to produce by objecting. As to the ACE documents,[3] State Farm asserted that the material was "proprietary, self-evaluative material and attorney-client privileged material" and that it was not relevant nor was likely to lead to relevant material. Id. at 17. As to the ACM, State Farm objected that it was irrelevant. Id. at 18.

In the motion to compel, Akins asks the Court to require State Farm to produce without a protective order the requested documents. On April 12, 2011, the Court issued an order directing the parties to provide the Court with the documents in question for in camera review and to file supplemental briefs concerning the discoverability of the documents. D.E. 45. The parties submitted the documents, a round of supplemental briefs (D.E. 48 & 49), and, with the Court's permission, a second round of supplemental briefs (D.E. 50 & 51).

---

[3] The ACE documents are documents from State Farm's Advancing Claims Excellence Program. According to the testimony of Robert Butler, a former employee central to the program's implementation in Michigan, ACE was a comprehensive program employed by State Farm in which the company initially (in the mid-1990s) performed a study on closed claims files and then, based at least in part on what it learned from those files, put in place a comprehensive program, including addressing claims handling practices, designed to make the company more successful. According to Akins, the program concluded that State Farm could "capture opportunities" for profit in the claims arm of the business by settling fewer cases, delaying payment, etc. See D.E. 27 at 7-8; D.E. 48 at 2-3. According to State Farm, the Michigan ACE study was a review of closed files only with payments of less than $250,000 and was designed to improve State Farm's operations; its documents function as a continuing education for adjusters. See D.E. 34 at 6; 49 at 3, 7.

State Farm argues that the ACE documents are irrelevant because Akins' case was not a part of the ACE program and was not involved in the development of the program.  At most, the ACE documents embody general claims handling practices, but there is no evidence that they are related to Akins' claim.  D.E. 49 at 3-5.  (In the alternative, State Farm requests that if the Court requires production of the documents, it be done under a protective order.)

Akins argues that, while his own claim undisputedly was not included in the review of closed files that was the first step of the ACE program, ACE still applies to this claim because "ACE was not about reviewing closed files for the sake of review; it was about changing the way the company did business and applying what it learned from the closed file review."  D.E. 48 at 2.  The ACE program was involved in Akins' case because "ACE, and the philosophy that it generated is the explanation for State Farm's conduct in this case.  ACE taught claims adjusters to focus on the 'bottom line' and that there was money to save the company by reducing indemnity payments."  Id. at 4.  Further, Akins cites Morales v. State Farm Mut. Auto Ins. Co., 761 N.W.2d 454 (Mich. Ct. App. 2008) for the proposition that "evidence of claims handling is always relevant in a cause of action based on the [No Fault Act]."  Id. at 11.

State Farm responds that claims handling evidence is irrelevant in a breach-of-contract case such as this – see D.E. 34 at 12-14 ("the pertinent inquiry" in the instant case "focuses on the decision made, not the basis behind it") – and that Morales is factually distinguishable from the instant case.  Id. at 12-14.  Further, State Farm contends that, because it received Akins' claim through Michigan's Assigned Claim Facility (ACF), it is reimbursed through the ACF for all the payments it makes in connection with Akins' claim, meaning that whatever payment State Farms made to Akins would (after reimbursement) simply have a neutral effect.  D.E. 49 at 2.

The briefs do not raise any arguments specific to the ACM documents. However, Akins attaches a table listing ACM documents entitled "The Auto Claim Manual Documents that Relate to First Party No Fault Claims." D.E. 48-2.

The Court has reviewed the documents in question, the testimony of former State Farm employee Robert Butler describing the documents, and the parties' arguments. The Court has also reviewed the several cases in this District that have considered or are considering the same issue presented here. See Armisted v. State Farm, No. 07-10259, Villaflor v. State Farm, No. 10-14760, Ganun v. State Farm, No. 09-12966, Dempsey v. State Farm, No. 10-11503, Wagner v. State Farm, No. 10-11733, Chauvin v. State Farm, No. 10-11735, Garber v. State Farm, No. 10-13301.

The threshold inquiry before the Court is whether the claims handling procedures State Farm used in handling Akins' case are relevant to Akins' current suit under the No Fault Act. The second inquiry is whether the ACE and or ACM documents provide relevant information on the claims handling procedures employed in Akins' case. The Court concludes that the answer to both questions is yes.

Under the No Fault Act, personal protection insurance benefits are payable for "[a]llowable expenses consisting of all reasonable charges incurred for reasonably necessary products, services and accommodations for an injured person's care, recovery, or rehabilitation." Mich. Comp. Laws 500.3107(1)(a). The Court concludes that the claims handling procedures used in Akins' claim would be relevant to determining "reasonable" charges and "reasonably necessary" products, services, and accommodations under this provision. In any case, as Akins also seeks overdue interest pursuant to Mich. Comp. Laws § 500.3142 and the inquiry under that provision is whether and when plaintiff submitted "reasonable proof of loss," State Farm's

decisions and internal analysis regarding Akins' claim are relevant to the question of whether Akins had submitted "reasonable proof" of his loss.  See also Morales v. State Farm Mut. Auto Ins. Co., 761 N.W.2d 454, 461 (Mich. Ct. App. 2008) (claims handling evidence relevant to inquiry under §500.3142).

Further, it does not matter that Akins' claim was not one of the closed review files that was analyzed to form the basis for the ACE program over ten years ago or that there is not evidence that claim manager handling Akins' specific claim stated she relied upon the ACE program when making decisions about Akins' claim.  There is plenty of evidence to support the proposition that State Farm's employees, including its case managers, were trained beginning in the 1990s on the ACE program, and that they were to employ it thereafter in doing their job. See, e.g., Robert Butler's testimony and accompanying ACE program exhibits at 120 (claim representatives were made aware of ACE program); 122-23 (the ACE program exhibited State Farm's philosophy regarding the payment of claims, including PIP claims); 155 (claims handlers needed to employ ACE practices so that company could realize financial benefits of the program); 157-159 (ACE included guidelines specific to PIP claims representatives); 196 (ACE seminar given to all Michigan claims representatives);  174-175 (claims representatives' ACE training included instruction in negotiation); 207, 215-218 (describing ACE negotiation techniques); 116 (ACE was a long-term program); 124, 127-29 (ACE changes were designed to exist for years, there was never an intention to "undo" ACE changes; claims reps never told to stop ACE practices).  Because the ACE and ACM materials are "reasonably calculated to lead to admissible evidence[,]" Fed. R. Civ. P. 26(b)(1), the materials are discoverable.

Accordingly, State Farm is directed to produce the ACE and ACM materials at issue pursuant to a protective order as described below.

## IV.     Conclusion

Defendant has, for the most part, failed to properly discharge its duties concerning discovery.  Defendant's repeated invalid objections evidence bad faith, and this Court cautions Defendant that any further gamesmanship regarding Plaintiff's discovery requests will result in more severe sanctions, including potentially a default judgment.  Presently, the Court will impose costs, pursuant to Fed. R. Civ. P. 37(a)(5), for Defendant having failed to comply with its discovery obligations  Accordingly, the Court orders as follows.

With regard to all requests for admission raised by Plaintiff's motion, Defendant must admit or deny the requests.  With regard to all interrogatories raised by Plaintiff's motion, Defendant must fully answer the interrogatories without objection.  Defendants must also produce all documents requests raised by Plaintiff's motion, unless Defendant asserts that the documents do not exist.  Defendant must produce all documents and responses on or before August 10, 2011.

With regard to the ACE and ACM materials, Defendant is directed to produce the materials requested on or before August 10, 2011.  They will be produced pursuant to the protective restrictions set out in the court's June 1, 2011 order in Garber v. State Farm, No. 10-13301, D.E. 95.

Plaintiff's counsel shall file and serve on or before August 10, 2011, an affidavit setting forth the hours spent preparing the motion to compel and setting forth his standard hourly rate. Defendant shall have until August 22, 2011 to file any response to the affidavit (not to exceed 10 pages).

As outlined above, Plaintiff's motion to compel discovery (D.E. 27) is granted in part.


SO ORDERED.


Dated:  July 28, 2011                              s/Mark A. Goldsmith
        Flint, Michigan                            MARK A. GOLDSMITH
                                                   United States District Judge

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 28, 2011.

                                                   s/Deborah J. Goltz
                                                   DEBORAH J. GOLTZ
                                                   Case Manager