UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


GLYNN D. AKINS,

                    Plaintiff,                           Civil Case No.
                                                10-CV-12755

vs.

                                                HON. MARK A. GOLDSMITH

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

                    Defendant.

_____/


**ORDER CONCERNING (1) PLAINTIFF'S "MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND EXCLUDE DOCUMENTS FROM EVIDENCE" (DKT. 54), (2) DEFENDANT'S "SECOND MOTION TO EXTEND SCHEDULING ORDER DATES" (DKT. 56), (3) DEFENDANT'S "MOTION TO COMPEL ENTRY . . . AND FOR ORDER PERMITTING STATE FARM TO OBTAIN AN IN-HOME EVALUATION BY A REGISTERED NURSE AND AN OCCUPATIONAL THERAPIST" (DKT. 57), (4) DEFENDANT'S "MOTION TO COMPEL DEPOSITIONS" (DKT. 58), (5) DEFENDANT'S "MOTION TO ENFORCE SUBPOENA AGAINST GERALD SHIENER, MD" (DKT. 61)**

–

Before the Court are the following motions:

1)      Plaintiff's "Motion to Compel Production of Documents and Exclude Documents from Evidence," Dkt. 54.

2)      Defendant's "Second Motion to Extend Scheduling Order Dates," Dkt. 56.

3)      Defendant's "Motion to Compel Entry . . . and for Order Permitting State Farm to Obtain an In-Home Evaluation by a Registered Nurse and an Occupational Therapist," Dkt. 57.

4)      Defendant's "Motion to Compel Depositions," Dkt. 58.

5)      Defendant's "Motion to Enforce Subpoena Against Gerald Shiener, MD," Dkt. 61.

All parties had the opportunity to respond and a hearing was held concerning the motions on July 27, 2011. The Court has thoroughly considered the parties' arguments and addresses each motion, in turn.

> **I.    Plaintiff's "Motion to Compel Production of Documents and Exclude Documents from Evidence"**

In its motion, Plaintiff requests that the Court compel production of certain videotapes and investigation materials that State Farm has asserted are privileged under the private investigator-client privilege. After reviewing the motion and response, the Court orders that within seven days after Plaintiff's deposition is taken, Defendant must turn over in full the investigation materials at issue.

> **II.   Defendant's "Second Motion to Extend Scheduling Order Dates" and "Motion to Compel Depositions"**

Defendant's motion to extend dates seeks modification of the Court's second amended scheduling order, which set the deadline that all fact and expert discovery must have been completed by June 20, 2011 and the deadline that all dispositive motions and motions to limit/exclude must be filed by July 11, 2011. The motion to extend, filed on June 20, 2011, seeks to extend the deadline for conducting fact and expert discovery through October 20, 2011, and to extend the deadline for filing dispositive motions and motions to limit/exclude through October 31, 2011. Defendant's motion to compel, also filed on June 20, 2011, requests that the Court compel the depositions of Plaintiff, his father, and eight other physicians who have treated Plaintiff, all within the next 30 days.

As the Court stated at the hearing, the Court is dissatisfied with the lack of diligence with which the parties have conducted discovery in this matter. To the extent, as Defendant claims, Plaintiff's counsel's serial unavailability prevented Defendant from obtaining the depositions it

desired, Defendant was obligated to have filed a motion to compel during the discovery period. Accordingly, the Court will not extend the existing motion deadlines (that have now passed).[1] Further the Court will allow only a limited period of extended discovery as follows. Discovery will be extended until August 31, 2011. During the additional discovery period, Defendant will be permitted to depose Plaintiff and Plaintiff's father. Defendant may also select two of Plaintiff's treaters to depose. If the parties wish to agree to more depositions than the four set out in this order, that is permissible. However, only the four depositions are required, and all depositions must be completed by August 31, 2011.

### III.   Defendant's "Motion to Compel Entry . . . and for Order Permitting State Farm to Obtain an In-Home Evaluation by a Registered Nurse and an Occupational Therapist"

Defendant's motion requests that the Court direct Plaintiff to permit Defendant "to obtain an in-home evaluation conducted by a registered nurse and an occupational therapist in order to properly assess, among other things, the level of attendant care reportedly required by Plaintiff and his need for special equipment and/or home modifications, if any, as part of his care, recovery, and rehabilitation." Dkt. 57: Motion at 1. Plaintiff responds that the discovery period has elapsed and that Michigan's No Fault Act provides for mental and physical examinations by physicians only. Dkt. 71.

The Court first notes, as it did above, that this issue is one about which Defendant was obligated to file a motion during the discovery period. The fact that Defendant did not do so means that it has sacrificed any right it may have had to conduct an examination of Plaintiff in the manner requested.[2] The Court reaches this result after considering both Defendant's dilatory

---

[1] At the hearing, Defendant's counsel orally modified the motion by stating that Defendant no longer sought an extension of the dispositive motion cutoff.

[2] The Court acknowledges Plaintiff's argument that State Farm lacks any right to such discovery

conduct, and Defendant's ability to get information concerning Plaintiff's condition via the limited extended discovery period established elsewhere in this Order.[3]

With regard to the issue of a home inspection, the Court notes Plaintiff's contention that Plaintiff needs 24 hours per day of attendant care.  In light of this contention, the Court acknowledges the importance to Defendant of having an understanding of the layout and nature of Plaintiff's home in order to supplement Plaintiff account's of his daily activities.  The Court agrees with Defendant that such information about Plaintiff's home is likely to produce evidence relevant to the level of attendant care required by Plaintiff and the availability of any modifications or other equipment that might assist Plaintiff.  Because of the potential importance of this information, and because there does not appear to be a good alternate way of obtaining it, the Court concludes that Defendant will be permitted to conduct an evaluation of Plaintiff's home, subject to the following limitations.  The visit is to be conducted by an occupational

because, under Muci v. State Farm Mut. Auto. Ins. Co., 732 N.W.2d 88, 95-97 (Mich. 2007), examinations of the physical condition of the plaintiff are governed by section 3151 of the Michigan No Fault Act, which provides only for mental or physical examination by "physicians."  Mich. Comp. Laws §500.3151.  The Court also acknowledges Defendant's argument that the language of section 3159 of the Michigan No Fault Act gives broad authorization to a court to order discovery. The Court need not resolve these contentions as it instead exercises its discretion to reject Defendant's request for a physical examination of Plaintiff on the basis of its own imposed time deadlines.

[3]

 The Court recognizes that this conclusion differs, to some extent, from the preliminary thoughts expressed by the Court on the date of the hearing.  In responding to clarifying questions from counsel, the Court merged Defendant's hybrid request for both an inspection by an occupational therapist and an examination by a nurse, initially granting both.  However, upon reflection, it appears to the Court that the inspection is a relatively minor intrusion into Plaintiff's life and will not unfairly enmesh his counsel with an extensive encounter with defense counsel and an inspecting therapist.  By contrast, a nurse's examination of Plaintiff's physical condition would involve Plaintiff and his counsel in essentially a second deposition of Plaintiff and undoubtedly trigger more motion practice to litigate the ground rules for the examination.  Given Defendant's dilatory conduct, the Court does not believe it is fair to saddle Plaintiff and his counsel with this additional burden.

4

therapist, and is limited to no more than two hours.  Further, Plaintiff and his counsel may choose whether to be present at the time of the visit.

Any proposed orders regarding this visit are to be submitted to the Court within one week of the date of this Order.  If an order is necessary, the Court encourages the parties to submit a joint stipulated order after having agreed upon the terms of the visit.  In the event the parties cannot reach an agreement, separate orders may be submitted and the Court will make a final ruling.

**IV.   Defendant's "Motion to Enforce Subpoena Against Gerald Shiener, MD**

Based on the parties' representations at the hearing, the motion to enforce the subpoena against Dr. Shiener is denied as moot.

**V.     Conclusion**

For the foregoing reasons, the Court orders as follows:

1)   Plaintiff's "Motion to Compel Production of Documents and Exclude Documents from Evidence" (Dkt. 54) is granted in part and denied in part.

2)   Defendant's "Second Motion to Extend Scheduling Order Dates" (Dkt. 56) is granted in part and denied in part.

3)   Defendant's "Motion to Compel Entry . . . and for Order Permitting State Farm to Obtain an In-Home Evaluation by a Registered Nurse and an Occupational Therapist" (Dkt. 57) is granted in part and denied in part.

4)   Defendant's "Motion to Compel Depositions" (Dkt. 58) is granted in part and denied in part.

5)   Defendant's "Motion to Enforce Subpoena Against Gerald Shiener, MD" (Dkt. 61) is denied as moot.

SO ORDERED.

5

Dated:  August 3, 2011                           s/Mark A. Goldsmith
       Flint, Michigan                          MARK A. GOLDSMITH
                                           United States District Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 3, 2011.

                                       s/Deborah J. Goltz
                                       DEBORAH J. GOLTZ
                                       Case Manager